## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

FRIENDS OF ANIMALS, a 501(c)(3) organization;

 Plaintiff,

v.

THE UNITED STATES BUREAU OF LAND MANAGEMENT, a federal agency;

 Defendant.

---

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552, *et seq.*

---

 Plaintiff, Friends of Animals, a non-profit, 501(c)(3) organization, brings against Defendant the United States Bureau of Land Management (BLM) this Complaint for Declaratory and Injunctive Relief, asserting a pattern and practice of failing to abide by statutory requirements for responding to requests submitted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*

### INTRODUCTION

 1. Friends of Animals brings this action on its behalf and on behalf of its adversely affected members to challenge Defendant's failure to comply with the statutory requirements for responding to requests submitted under FOIA , as well as Defendant's practice, pattern, and policy of failing to comply with the statutory requirements of FOIA.

 2. Friends of Animals submitted FOIA requests on October 11, 2021 (DOI-BLM-2022-000162), January 28, 2022 (DOI-BLM-2022-001817), and April 29, 2022 (DOI-BLM-2022-003447) (collectively, the "Pending FOIA Requests").

3.      Instead of complying with the statutory requirements of FOIA, Defendant failed to respond or unreasonably delayed responding, in violation of Defendant's statutory FOIA obligation to respond to lawfully submitted FOIA requests within twenty working days of the date of the request. 5 U.S.C. § 552(a)(6).

4.      Defendant's FOIA violations are ongoing and have prejudiced Friends of Animals from fully participating in federal agency decisions, including decisions under the National Environmental Policy Act (NEPA) and the Wild and Free-Roaming Horses and Burros Act of 1971 (WHBA). Such violations adversely impact the interests of Friends of Animals and its members and limit Friends of Animals' ability to inform members, advocate for wild horses and burros, and meaningfully participate in Defendant's decision-making process. Thus, Defendant's unreasonable delay and/or failing to respond until after the statutory deadline has hindered Friends of Animals' work and mission.

5.      Friends of Animals requested information and agency records regarding various issues related to Defendant's management of the Wild Horse and Burro Program, including information and documents related to the Defendant's management of herds in designated herd management areas (HMAs), regularly scheduled roundups of wild horses and burros, and the housing and adoption of captured wild horses and burros.

6.      Friends of Animals sought the information through the FOIA process to recover agency records about agency decisions that will affect the wild horses and burros Defendant has been statutorily charged with protecting under the WHBA.

7.      Defendant violated Friends of Animals' rights to timely and open access to the requested agency records and information by failing to comply with the statutory requirements of FOIA.

8.      Defendant acted arbitrarily and capriciously in failing to respond and/or unreasonably delaying responses to lawfully submitted FOIA requests, as well as in failing to provide complete responses. Delaying responses and withholding records and information denies Friends of Animals information it has the right to receive. This also inhibits Friends of Animals  from providing important information to its members and the public and thwarts its  ability to meaningfully participate in Defendant's decision-making process in managing wild horses and burros, including ensuring Defendant is complying with NEPA and the WHBA.

9.      Defendant's regular and repeated failure to comply with FOIA is evidence of a practice, pattern, and/or policy of violating the statutory obligations of FOIA.

10.     Defendant's utter failure to adhere to its statutory obligations under FOIA is routine. Defendant's failures are hardly limited to the FOIA requests at issue in this lawsuit. In fact, Friends of Animals cannot remember the last instance that BLM's national office responded to one of its FOIA requests without Friends of Animals having to resort to a lawsuit to get any documents at all.

11.     For instance, Friends of Animals is also currently litigating matter number 21cv3037-NYW against Defendant in this District , challenging Defendant's failures to comply with the statutory obligations of FOIA in four instances related to FOIA requests for information related to the management of the Wild Horse and Burro Program. In each instance, Defendant failed to provide responses, documents, or any final determination until after Friends of Animals initiated litigation.

12.     The violations underlying Friends of Animals' allegations in 21cv3037-NYW further confirm the Defendant's policy, pattern, and practice of violating FOIA's provisions

and denying Friends of Animals and its members the opportunity for meaningful and informed participation in the decision-making process, instead requiring Friends of Animals to initiate litigation before receiving a response to its lawfully submitted requests.

13.     For these reasons, and as further alleged below, Friends of Animals seeks a declaration from the Court that Defendant has a pattern, practice, and policy of violating FOIA by failing to provide timely and complete responses to lawfully submitted FOIA requests for records and information.

14.     Without such relief from this Court, Defendant's habitual violations of FOIA will continue. Friends of Animals will not receive FOIA responses in a timely manner. It will have to file lawsuits to obtain any documents at all, burdening the federal court system with more litigation. And in some cases, Friends of Animals will likely be deterred from submitting FOIA requests at all, knowing that it will not receive responsive documents until it is too late. Congress did not intend for Defendant to so ignore its statutory obligations, and in doing so, defeat the very purpose of FOIA.

**PARTIES**

15.     Friends of Animals is a nonprofit, international animal advocacy organization. Friends of Animals' Wildlife Law Program is located in Centennial, Colorado. Friends of Animals has nearly 200,000 members worldwide. Friends of Animals and its members seek to free animals from cruelty and exploitation around the world, and to promote a respectful view of nonhuman, free-living and domestic animals. Friends of Animals informs its members about animal advocacy issues and its progress in addressing them through its magazine, ActionLine, its website, social media, and public events. Friends of Animals regularly advocates for the right of wild horses and burros to live freely on

public lands, and for more transparency and accountability in BLM's management of wild horses and burros.

16.     Friends of Animals regularly utilizes the FOIA process to obtain documents and information from federal agencies, including Defendant. Friends of Animals relies on the FOIA process to conduct its advocacy work and is adversely affected and prejudiced when Defendant fails to comply with FOIA requirements.

17.     Defendant BLM is a federal agency within the Department of the Interior. BLM is responsible for responding to FOIA requests seeking records and information related to programs under BLM's supervision and authority, including the Wild Horse and Burro Program. Responsive records may be located at all levels of BLM, including field, local, state, regional, and national offices. BLM is a federal agency that has improperly withheld records and/or unreasonably delayed responding to lawfully submitted requests for records. Specifically, BLM failed to comply with the statutory deadlines of FOIA for the requests cited herein.

18.     As of the date of the filing of this Complaint, Defendant failed to respond to Friends of Animals' lawfully submitted FOIA requests, has unreasonably delayed providing documents and a final determination to lawfully submitted FOIA requests, has provided incomplete responses, and continues to possess, control, and withhold agency records that are responsive and not subject to any FOIA exemption.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552, *et seq.* (FOIA), and 28 U.S.C. § 1331 (federal question). The District Court "shall determine the matter de novo" and has broad discretion to structure judicial review of the case. 5 U.S.C. §

552(a)(4)(B). The relief sought is authorized by 28 U.S.C. § 2201 (declaratory judgment) and 28 U.S.C. § 2202 (injunctive relief).

20.     Venue properly lies in this Court pursuant to 5 U.S.C. § 552(a)(4)(B). Friends of Animals is a non-profit organization with its Wildlife Law Program located in Centennial, Colorado. Friends of Animals' requests for records and information pursuant to FOIA were generated from its Colorado office.

21.     The failure to make a lawful determination on Friends of Animals' requests within twenty working days is construed as a denial and waives the requirement for exhaustion of administrative appeals that ordinarily applies in FOIA cases. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

22.      Constructive exhaustion of administrative remedies vests this District Court with jurisdiction to resolve all issues regarding Friends of Animals' FOIA requests. 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

23.     This Court "has jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Defendant is a federal agency that has improperly withheld agency records and information within its custody and failed to respond to lawful FOIA requests.

24.     This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant

injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for an agency's violation of FOIA requirements. The Court has equitable authority to remedy an agency pattern, practice, and/or policy that violates FOIA's statutory requirements.

25.     Because Defendant failed to provide a determination on Friends of Animals' requests within the statutorily required time, Friends of Animals has constructively exhausted available administrative remedies and the matter is ripe for judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

26.     The FOIA claims made in this Complaint are ripe for judicial review and Friends of Animals' harms can be remedied by an order of this Court.

## LEGAL FRAMEWORK

### A.  Freedom of Information Act

27.     FOIA was enacted "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 12 (2001) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

28.     FOIA "mandates disclosure [upon request] of records held by a federal agency" absent disclosure prohibited by law or application of one of the nine FOIA exemptions. 5 U.S.C. § 552(b); *Klamath Water Users Protective Ass'n*, 532 U.S. at 7-8. However, the "limited exemptions do not obscure the basic policy that disclosure, not

secrecy, is the dominant objective of [FOIA]." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

29.     "The basic purpose" of FOIA is "to open agency action to the light of public scrutiny." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. at 372).

30.     The Supreme Court has stated that FOIA establishes a "strong presumption in favor of disclosure" of requested information, and that the burden is on the government to substantiate why information may not be released under FOIA's various exemptions. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

31.     FOIA requires government agencies to promptly disclose records upon lawful written request unless the government can apply one of nine specific exemptions in sub-section (b) of FOIA. 5 U.S.C. § 552(a)(3)(A). After a lawful request is received, the burden rests with the government agency to show that any exemption justifies the withholding of information requested under a FOIA request. *Ray*, 503 U.S. at 173.

32.     FOIA mandates that the responding agency "determine within 20 [business] days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of . . . (I) such determination and the reasons therefor" and "(III) in the case of an adverse determination . . . (aa) the right of [the requesting party] to appeal to the head of the agency." 5 U.S.C. § 552(a)(6)(A)(I); *see also* 43 C.F.R. § 2.16(a).

33.     The 20-business-day period commences the date the request is first received by the appropriate component of the agency, "but in any event not later than ten days after

the request is first received by any component of the agency" designated to receive requests under FOIA by agency regulation. 5 U.S.C. § 552(a)(6).

34.     In determining whether to comply with an initial request, an agency must first gather and review the requested documents. *Citizens for Responsibility & Ethics in Wash. v. Federal Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

35.     The agency then "must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks. It is not enough that, within the relevant time period, the agency simply decides to later decide." *Id.* at 186.

36.     "[W]ithin the relevant time period, the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Id.*

37.     If the records requested are not exempt from public disclosure, the records shall be made "promptly available." 5 U.S.C. § 552(a)(3)(A), (a)(6)(C); see also, *Judicial Watch, Inc. v. U.S. Dep't of Homeland Security*, 895 F.3d 770, 780 (D.C.C. 2018).

38.     Within the relevant time, the agency must notify the requester of the scope of the documents the agency will produce, the scope of the documents the agency plans to withhold under any exemptions, the reasons for any withholdings, and of the right to appeal to the head of the agency any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i). "The requirement that the agency notify the requester about administrative appeal rights [] indicates that the 'determination' must be substantive, not just a statement of a future intent to produce non-exempt responsive documents." *Citizens for Responsibility & Ethics*, 711 F.3d at 186.

39.     Congress set forth the circumstances in which federal agencies may take longer than twenty business days to make the initial determination. The agency may toll the twenty-business-day deadline for up to ten additional business days if the agency is waiting for information reasonably requested by the requester or to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(I)-(II).

40.     No extension of the deadline may exceed ten working days unless the agency 1) provides written notice explaining the "unusual circumstances" requiring an extension, 2) establishes the date on which the agency expects to make the determination and 3) gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(i)-(ii); *see also* 43 C.F.R. § 2.19(a).

41.     FOIA defines "unusual circumstances" as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

42.     The Department of the Interior's (DOI) FOIA regulations provide four "processing tracks" based on the number of workdays needed to process the request. 43 C.F.R. § 2.15(c). The use of multi-track processing "does not alter the statutory deadline for a bureau to determine whether to comply" with a FOIA request. 43 C.F.R. § 2.15(f).

43.     If processing will extend beyond a total of 30 workdays, the agency must give the requester the opportunity to modify the request or agree to an alternative time for processing and make available the FOIA Public Liaison to assist in resolving disputes. 43 C.F.R. § 2.19(b). If the agency does not offer an adequate response during the extended time, the requester "may consider the request denied." 43 C.F.R. § 2.19(c).

44.     An untimely determination or response is a violation of FOIA, regardless of the request's final outcome. *See Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998); *Or. Nat. Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006).

45.     If the agency fails to complete its response to a request within twenty working days, the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

46.     If the responding agency fails to comply with the statutory time limit, it cannot charge the requesting party for the costs incurred in searching for or duplicating the requested documents unless exceptional circumstances apply. 5 U.S.C. § 552(a)(4)(A)(viii).

47.     If an agency fails to respond within the statutory timeframe and fails to notify the requesting party of the unusual circumstances warranting an extension of the statutory deadline, "a FOIA requester can proceed directly to the district court where the agency must show 'exceptional circumstances' justifying its untimeliness and due diligence in remedying the violation." *Hajro v. United States Citizenship and Immigration Services*, 811 F.3D 1086, 1092 (9th Cir. 2016)(citing 5 U.S.C. § 552(a)(6)(C)).

48.     "The court may assess against the [agency] reasonable attorney fees and other litigation costs incurred . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A complainant substantially prevails when it receives relief

through either a judicial order or when the agency changes its position voluntarily or unilaterally. 5 U.S.C. § 552(a)(4)(E)(ii)(I)-(II).

**B.  Pattern and Practice Legal Authority**

49.     Friends of Animals alleges herein that Defendant engaged in a pattern and practice of violating FOIA's statutorily mandated timelines when failing to timely and completely respond to Friends of Animals' lawfully submitted FOIA requests.

50.     Courts have determined that pattern and practice claims are viable for an agency's violation of the requirements of FOIA. *Payne Enters. v. United States*, 837 F.2d 486, 490-94 (D.C. Cir. 1988); *Long v. IRS*, 693 F.2d 907, 909 (9th Cir. 1982).

51.     To support an argument that an agency has in a policy and practice of failing to comply with the response requirements of FOIA, a Plaintiff must: a) allege other outstanding requests to show that the alleged conduct was not an isolated incident; b) show that the Plaintiff is engaged specifically in the business of utilizing the information sought to be obtained through the FOIA process; and c) allege that the conduct will likely affect future FOIA requests Plaintiff intends to submit. *Hajro*, 811 F.3d at 1103 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992); *Long*, 693 F.2d at 909-10)); see also, *Tipograph v. Dep't. of Justice*, 146 F. Supp. 3d 169, 175-77 (D.D.C. 2015)(party can establish standing based on predicted future FOIA denials by 1) alleging other outstanding FOIA requests, 2) showing the plaintiff was specifically in the business of requesting, compiling, and reselling information obtained through FOIA requests, and 3) stating very specific allegations regarding a FOIA request that the plaintiff planned to make in the near future).

52.     A pattern and practice claim can be made under FOIA to "challenge an alleged ongoing policy or practice" and the requesting party will succeed if they "can

demonstrate that they have [other] pending FOIA requests that are likely to implicate that policy or practice." *Nat'l Sec. Counselors v. CIA*, 898 F.Supp.2d 233, 262 (D.D.C. 2012)).

53. "A 'FOIA pattern or practice claim can be established through evidence of chronic delay and backlogs.'" *Ecological Rights Found. v. U.S. Env't Prot. Agency*, 2022 U.S. Dist. LEXIS 106921 at *21 (N.D. Cal. June 15, 2022) (quoting *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F. Supp. 3d 1193, 1201 (N.D. Cal. 2020)).

54. Courts have found declaratory relief appropriate for alleged FOIA violations when "the agency has a pattern and practice of violating [FOIA's] time limits […] or when the agency has violated the time limits in responding to a particular set of requests, the agency's violations are consistent, and they may recur." *Ecological Rights Found.*, 2022 U.S. Dist. LEXIS at *21 (quoting *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 2015 U.S. Dist. LEXIS 143392 at *7 (N.D. Cal. Oct. 21, 2015)).

55. "So long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials, a . . . challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit." *Payne*, 837 F.2d at 491.

## FACTUAL BACKGROUND

## I.   FOIA Requests Currently Pending with BLM

### A.   DOI-BLM-2022-000162 – Off-Range Corrals and Pastures

56. On October 11, 2021, Friends of Animals submitted a FOIA request to BLM's Headquarters seeking records and information regarding: a) all active contracts between BLM and contractors to hold wild horses in off-range corrals; b) all active contracts

between BLM and contractors to hold wild horses in off-range pastures; and c) all financial agreements, statements, and documents related to off-range wild horse corrals and off-range wild horse pasture contracts from the four years prior to the date the request was submitted.

57.     Friends of Animals sent the FOIA request to the proper agency, as BLM is responsible for the management of the Wild Horse and Burro Program.

58.     Friends of Animals received an acknowledgment of receipt related to the FOIA request on October 11, 2021.

59.     The deadline for a final determination was November 9, 2021.

60.     To date, no response has been received by Friends of Animals on this lawfully submitted FOIA request.

61.     Friends of Animals has received no correspondence regarding an estimated completion date, nor has Friends of Animals received any documents responsive to the FOIA request.

62.     As of the date Friends of Animals filed this Complaint, BLM has failed to 1) inform of the scope of the documents to be produced or withheld, or the basis for such withholding, 2) inform Friends of Animals of its appeal rights 3) respond regarding a fee waiver request and 4) request a modified timeline for producing the records or making the required determination.

63.     Defendant violated FOIA by failing to make a timely decision, offering no reasonable explanation for the delay in responding to the lawfully submitted requests. Defendant also failed to provide a date certain for compliance with its FOIA obligations and failed to provide documents and/or its final determination on the requests.

### B.  DOI-BLM-2022-001817 – Winnemucca Off-Range Corral

64.     On January 28, 2022, Friends of Animals submitted a FOIA request to BLM's Nevada State Office seeking 1) All public comments and correspondence regarding the Winnemucca Off-Range Corral (ORC) Draft Environmental Assessment under NEPA; 2) All contracts and agreements between Defendant and JS Livestock regarding the Winnemucca ORC, including those contracts entered into by any BLM field office; 3) All correspondence to or from JS Livestock about the proposed Winnemucca ORC; and 4) All correspondence and proposals in response to Notice 140L0120R008 for Wild Horse and Burro ORCs in Idaho, Nevada and Utah.

65.     Friends of Animals received an acknowledgment of receipt related to the FOIA request on January 28, 2022.

66.     The request was placed on the "Simple" track in which the responding agency will provide a final determination within twenty working days of the request, a date which passed on February 25, 2022 with no response from Defendant.

67.     On March 17, 2022, BLM notified Friends of Animals it had made its final determination.

68.     In the March 17, 2022 final determination, BLM provided approximately 185 pages of documents and asserted Exemption 4 for "trade secrets and commercial or financial information," Exemption 5 for the attorney-client privilege and commercial information privilege, and Exemption 6 for protection of privacy interests related to personal information. BLM's Final Determination Notice included notice of Friends of Animals' appeal rights.

69.     On March 17, 2022, Friends of Animals notified BLM by email that the response was not complete and requested that a response be provided.

70.     On March 22, 2022, Defendant informed Friends of Animals that BLM Headquarters would need to respond to a portion of the request and provide additional records.

71.     On March 23, 2022, Friends of Animals responded and requested that the FOIA request be forwarded to BLM Headquarters for the additional records.

72.     On March 29, 2022, Friends of Animals requested again that the BLM Nevada office forward the request to BLM Headquarters for the additional records.

73.     Friends of Animals was notified the request would be forwarded to BLM Headquarters on March 29, 2022 and additional responsive documents would also be provided from the BLM Nevada office by April 15, 2022.

74.     The request was forwarded to BLM Headquarters on March 29, 2022.

75.     Follow ups with additional documents from the BLM Nevada Office occurred on April, 29, 2022, May 4, 2022, and May 5, 2022.

76.     On April 29, 2022, Defendant informed Friends of Animals that the portion of the request that the BLM Nevada Office was responding to was complete.

77.     However, no further documents were received in response to the portion of the Request that was sent to BLM Headquarters, despite the request having been forwarded to BLM Headquarters by the BLM Nevada office on March 29, 2022.

78.     On August 29, 2022, Friends of Animals corresponded with BLM seeking an update on the status of the request and notifying BLM that there had been no further

communication from either the BLM Nevada Office or BLM Headquarters regarding Friends of Animals' FOIA request.

79.     There was no further communication following Friends of Animals' August 29, 2022 correspondence.

80.     Defendant's response was not within the statutorily mandated twenty-day response time.

81.     Defendant's responses were not complete, additional documents from BLM Headquarters were not produced, and there was no further communication from Defendant.

82.     As of the date of this Complaint, Defendant has not provided complete responses to Friends of Animals' request.

**C.  DOI-BLM-2022-003447 – Deaths in Off-Range Corrals and Pastures**

83.     On April 29, 2022, Friends of Animals submitted a FOIA request to BLM Headquarters seeking records and information regarding deaths of wild horses and burros at off-range corrals and off-range pastures (ORP).

84.     Friends of Animals requested 1) all death records of any wild horse and burro that died or was euthanized on off-range corrals or off-range pastures, including (a) circumstances, (b) freeze brand ID, if present, (c) a description of the age, sex, color of the animal, and (d) the reason the animal died or was euthanized, 2) all internal BLM records and communications regarding deaths of wild horses and burros on ORPs and ORCs, and 3) all records and communications between BLM and third parties regarding deaths of wild horses and burros at ORCs and ORPs.

85.     Friends of Animals received an acknowledgment of receipt related to the FOIA request on April 29, 2022.

86.     The deadline for a final determination was May 27, 2022.

87.     To date, no response has been received by Friends of Animals on this lawfully submitted FOIA request.

88.     Friends of Animals has received no correspondence regarding an estimated completion date, nor received any documents responsive to the FOIA request.

89.     As of the date Friends of Animals filed its Complaint, Defendant failed to 1) inform of the scope of the documents to be produced or withheld, 2) inform Friends of Animals of its appeal rights, 3) respond regarding a fee waiver request, and 4) request a modified timeline for producing the records or making the required determination.

90.     Defendant violated FOIA by failing to make a timely decision, offering no reasonable explanation for the delay in responding to the lawfully submitted FOIA requests. Defendant also failed to provide a date certain for compliance with its FOIA obligations and failed to provide documents and/or its final determination on the requests.

## II. Pattern and Practice

91.     As of the date Friends of Animals is filing this Complaint, Defendant has regularly failed to 1) inform Friends of Animals of the scope of the documents to be produced or withheld, or the basis for such withholding, 2) inform Friends of Animals of its appeal rights, 3) respond regarding a fee waiver request, 4) request a modified timeline for producing records or making a required determination as to the requests in this Complaint, and 5) adequately search for records or provide complete responses.

92. The facts alleged by Friends of Animals in this Complaint show a pattern and practice by Defendant of failing to respond to lawfully submitted FOIA requests within the statutorily mandated timeframe.

93. Friends of Animals regularly submits FOIA requests related to Defendant's management and administration of the Wild Horse and Burro program, including roundups that have occurred and are planned. The FOIA requests that underlie this Complaint are related to wild horse and burro roundups, the management of the public lands upon which the horses and burros reside on the range, the public and private lands upon which rounded up animals are housed, and the manner in which roundups occur, including requests related to helicopter and roundup contractors.

94. Friends of Animals will continue to submit FOIA requests related to Defendant's management of the public lands it oversees, as well as management and administration of the Wild Horse and Burro Program, including wild horse and burro roundups on public lands, management of corrals in which rounded up horses and burros are housed, the adoption process, and tracking of adopted and sold horses.

95. Obtaining this information in a timely manner is important to Friends of Animals' goals and daily activities. This information is critical to Friends of Animals' efforts to inform its members and advocate for animals. Friends of Animals regularly uses information obtained from FOIA requests to educate its members and the public, to advocate for legislative and regulatory change, and to assist in litigation aimed at protecting animals and habitats.

96.     Defendant's repeated and consistent delays in responding to Friends of Animals' lawfully submitted FOIA requests are without reasonable explanation or applicable exemption, and are wholly unjustified.

97.     In addition to the individual requests at issue in this Complaint, Defendant has demonstrated a pattern of violating FOIA and failing to respond to requests until after litigation has been filed, as evidenced by requests and responses presently being litigated in matter number 21CV3037-NYW.

98.     On November 11, 2021, Friends of Animals initiated litigation against Defendant for untimely and incomplete responses in four prior instances in which Friends of Animals submitted FOIA requests for information related to Defendant's management and administration of the Wild Horse and Burro Program:

a.     **DOI-BLM-2021-004758** – On June 2, 2021, Friends of Animals submitted a FOIA request seeking records and information regarding Defendant's fertility budget related to the management of the Wild Horse and Burro program.

b.     **DOI-BLM-2021-005693** - On August 24, 2021, Friends of Animals submitted a FOIA request regarding livestock grazing permits and rangeland health of grazing allotments.

c.     **DOI-BLM-2021-006084** - On September 17, 2021, Friends of Animals submitted a FOIA request seeking records and information regarding contracts between BLM and Cattoor Livestock Roundup, Inc. and any of its parent companies or subsidiaries, and reports and studies conducted by BLM related to Cattoor.

d.      **DOI-BLM-2021-006181** - On September 21, 2021, Friends of Animals submitted a FOIA request seeking records and information relating to wild horses gathered and removed from the range in 2021.

99.      As of the date Friends of Animals initiated the previous litigation, Defendant had failed to 1) inform of the scope of the documents to be produced or withheld, 2) inform Friends of Animals of its appeal rights, 3) respond regarding a fee waiver request, 4) request a modified timeline for producing the records or making the required determination, and 5) conduct an adequate search or provide a complete response.

100.      Because Friends of Animals regularly submits FOIA requests to Defendant, and because Friends of Animals will continue to make FOIA requests in the future, the pattern and practice of failing to comply with statutory deadlines subjects Friends of Animals to a substantial likelihood of ongoing and future injury by depriving it of information it uses to conduct its work and advance its mission.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (VIOLATION OF FREEDOM OF INFORMATION ACT: Defendant Failed to Make Adequate and Timely Determinations to Lawfully Submitted FOIA Requests)

101.      Friends of Animals realleges and herein incorporates all information and allegations contained in the preceding paragraphs.

102.      Friends of Animals properly requested records within the control of Defendant in the "Pending FOIA Requests" addressed in this Complaint.

103.      Friends of Animals has a statutory right under FOIA to receive a timely determination from BLM, as well as to receive the underlying records Friends of Animals seeks in each FOIA request.

104.     BLM has failed to make adequate and timely determinations with respect to the requests because the statutory twenty days for response have passed and Defendant has failed 1) to gather responsive records and inform Friends of Animals whether it intends to comply with the Requests, 2) if so, to provide an estimated completion date for its response, and 3) if not, the reasons for which Defendant is denying the Requests, the volume of records denied, and how Friends of Animals may appeal. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.15(f).

105.      Defendant has failed to notify Friends of Animals of any "unusual circumstances" in a notice that also sets forth a date on which the determination was expected to be dispatched within ten working days of the statutory twenty-day deadline as required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i).

106.     Defendant violated the statutory deadline by failing to give Friends of Animals an estimated completion date by which Friends of Animals may expect to receive responsive records for the "Pending FOIA Requests."

107.     Defendant's FOIA violations have deprived Friends of Animals of its right to receive public records, thereby injuring Friends of Animals' rights and interests.

108.     Defendant violated and continues to violate FOIA by delaying and/or withholding responses to the "Pending FOIA Requests" and failing to provide a lawful determination within the statutory period, as required under 5 U.S.C. § 552(a)(6)(A)(i).

109.     Defendant's lack of response or partial response instead a determination within the statutory period is arbitrary and capricious. 5 U.S.C. § 552(a)(4)(F).

110.     Friends of Animals is entitled to declaratory and injunctive relief requiring Defendant to promptly make an adequate determination on the "Pending FOIA Requests," including an index justifying the withholding of any records under a claim of exemption.

111.     Friends of Animals' interests in wildlife, Defendant's management of public lands, and its ability to advocate for wildlife has been and continues to be harmed by Defendant's failure to comply with the statutory deadlines in FOIA.

112.     Friends of Animals' harm and injury can be remedied by a Court order of declaratory and injunctive relief mandating Defendant comply with the statutory requirements of FOIA.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF FREEDOM OF INFORMATION ACT: Defendant Withheld Agency Records Lawfully Requested by Friends of Animals Pursuant to FOIA)**

113.     Friends of Animals realleges and herein incorporates all information and allegations contained in the preceding paragraphs.

114.     Defendant has violated and continues to violate FOIA by failing to provide Friends of Animals with timely and full responses to the "Pending FOIA Requests."

115.      Friends of Animals has a statutory right to the records sought, and Defendant has failed to allege any legal basis to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. BLM has failed to make responsive records promptly available as required by FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

116.     Defendant's failure to produce the records is a constructive denial and unlawful withholding of documents and information related to Friends of Animals' "Pending FOIA Requests" addressed herein.

117.    Defendant is improperly withholding records from Friends of Animals in violation of FOIA.

118.    Defendant's improper withholding of public records to which Friends of Animals is entitled injures Friends of Animals' rights and interests.

119.    As of the date of this Complaint, Defendant has not provided complete and timely responses with documents or records in response to Friends of Animals' "Pending FOIA Requests" addressed herein.

120.    Friends of Animals believes there are documents and information that are responsive to the requests that exist and are in the custody and possession of Defendant. However, by failing to respond, Defendant is, in fact, withholding production and disclosure of the records and information to which Friends of Animals is entitled.

121.    Defendant's conduct in withholding records responsive to the "Pending FOIA Requests" raises questions on whether Defendant acted arbitrarily or capriciously when violating Friends of Animals' rights involving timely FOIA access to agency records.

122.    Friends of Animals is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested. Unless enjoined and made subject to a declaration of Friends of Animals' legal rights by this Court, Defendant will continue to violate the rights of Friends of Animals to receive public records under FOIA.

123.    Friends of Animals' interests in wildlife, Defendant's management of public lands, and its ability to advocate for wildlife have been and continue to be harmed by Defendant's failure to comply with the statutory deadlines in FOIA.

124.    Friends of Animals' harm and injury can be remedied by this Court ordering declaratory and injunctive relief mandating that Defendant comply with the statutory requirements of FOIA.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF FREEDOM OF INFORMATION ACT: Defendant Failed to Conduct an Adequate Search for Responsive Records to Friends of Animals' FOIA Requests)**

125.    Friends of Animals realleges and herein incorporates all information and allegations contained in the preceding paragraphs.

126.    Friends of Animals has a statutory right to have Defendant process its FOIA Requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

127.    Defendant violated Friends of Animals' rights and FOIA because it failed to perform an adequate search, reasonably calculated to discover the requested records for the "Pending FOIA Requests."

128.     Defendant failed to "gather and review the requested documents" to determine whether to respond to Friends of Animals' Requests, as required to be performed by the statutory deadline under FOIA.

129.    Defendant's failure to conduct an adequate search for records responsive to Friends of Animals' FOIA Requests violates FOIA.

130.    Defendant's FOIA violations have deprived Friends of Animals of its right to receive public records, thereby injuring Friends of Animals' interests.

131.    Friends of Animals is therefore entitled to declaratory and injunctive relief stating Defendant violated FOIA and requiring Defendant to promptly perform an adequate search, reasonably calculated to discover the records requested in the "Pending FOIA Requests" addressed herein.

132.    Friends of Animals' interests in wildlife, Defendant's management of public lands, and its ability to advocate for wildlife have been and continue to be harmed by Defendant's failure to comply with the statutory requirements in FOIA.

133.    Friends of Animals' harm and injury can be remedied by this Court ordering declaratory and injunctive relief mandating Defendant comply with the response requirements of FOIA.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE FREEDOM OF INFORMATION ACT: Defendant engaged in a practice, policy, and pattern of failing to comply with the requirements related to Friends of Animals' FOIA requests)**

134.    Friends of Animals realleges and herein incorporates all information and allegations contained in the preceding paragraphs.

135.    Defendant's incomplete and absent responses to the "Pending FOIA Requests," as well as four requests presently being litigated against Defendant in the previous FOIA litigation, evidence Defendant's pattern, policy, and practice of failing to comply with statutory requirements expressly set forth in FOIA.

136.    Defendant has a policy, practice, and pattern of violating FOIA by failing to comply with FOIA's statutory response requirements, failing to provide a determination or the requested documents and information within the mandated deadlines of FOIA.

137.    Defendant has a policy, pattern, and practice of violating FOIA by delaying processing of agency records that are not subject to any FOIA exemption or withholding provision and failing to respond within the statutorily mandated deadlines of FOIA. 5 U.S.C. § 552(b).

138.     Defendant has a policy, pattern, and practice of violating FOIA by illegally withholding agency records that are responsive to FOIA requests, but which are not subject to any FOIA withholding provision. 5 U.S.C. § 552(b).

139.     Friends of Animals' and its members' interests in wildlife, Defendant's management of public lands, and the ability to effectively advocate and engage in the public participation component of the decision-making process related to wildlife and public lands have been and continue to be harmed by Defendant's failure to comply with the statutory deadlines in FOIA.

140.     Friends of Animals' harm and injury can be remedied by this Court ordering declaratory and injunctive relief mandating that Defendant comply with the statutory requirements of FOIA.

## REQUEST FOR RELIEF

For the foregoing reasons, Friends of Animals respectfully requests that this Court enter judgment providing the following relief:

A.     Declare that Defendant violated FOIA by unlawfully delaying responses to Friends of Animals' lawfully submitted requests;

B.     Declare Defendant violated FOIA by unlawfully withholding records and information responsive to Friends of Animals' lawfully submitted requests;

C.     Declare Defendant's failure to conduct an adequate search reasonably calculated to discover records responsive to Friends of Animals' requests violated FOIA;

D.     Declare that Defendant, in failing to comply with the statutory deadlines of FOIA, is part of a pattern and practice to delay responses and withhold responsive records and information to requests submitted lawfully under FOIA;

E.     Order that Defendant provide Friends of Animals a lawful determination and records on its Request DOI-BLM-2022-000162 by a date certain;

F.      Order that Defendant provide Friends of Animals a lawful determination
        and records on its Request DOI-BLM-2022-001817 by a date certain;

G.      Order that Defendant provide Friends of Animals a lawful determination
        and records on its Request DOI-BLM-2022-003447 by a date certain;

H.      Order that Defendant shall comply with the statutory deadlines provided in
        FOIA;

I.      Retain jurisdiction over this case to rule on any assertions by Defendant that
        any responsive records, in whole or in part, are exempt from disclosure;

J.      Grant Friends of Animals its costs of litigation, including reasonable attorney
        fees as provided by FOIA;

K.      Grant such further relief as the Court deems just and equitable.


Dated: February 7, 2022                     Respectfully submitted,

                                            */s/ Robert Huss*
                                            Robert Huss
                                            Friends of Animals, Wildlife Law Program
                                            7500 E. Arapahoe Road, Suite 385
                                            Centennial, Colorado 80112
                                            720-949-7791
                                            rhuss@friendsofanimals.org