IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00350-NYW-KAS

FRIENDS OF ANIMALS,

    Plaintiff,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT,

    Defendant.

## ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint in Part ("Motion to Dismiss" or "Motion"), [Doc. 10], filed by the United States Bureau of Land Management. The Court has reviewed the Motion and the related briefing, the applicable case law, and the entire case file, and concludes that oral argument would not materially assist in the resolution of the Motion. For the reasons set forth below, the Motion to Dismiss is respectfully **GRANTED**.

## BACKGROUND

In this action, Plaintiff Friends of Animals ("Plaintiff"), a nonprofit animal advocacy organization, alleges that Defendant, the United States Bureau of Land Management, ("Defendant," "BLM," or the "Agency"), has violated the Freedom of Information Act ("FOIA" or the "Act") on multiple occasions by providing unreasonably delayed responses to Plaintiff's requests for information and records related to the Agency's management of the Wild Horse and Burro Program and decisions affecting wild horses and burros under the Agency's supervision.

[Doc. 1 at ¶¶ 1–3, 5–7, 15].[1]  Specifically, Plaintiff accuses BLM of not meeting the 20-day deadline for initially responding to FOIA requests set forth by 5 U.S.C. § 552(a)(6)(A)(i), which provides that an agency must "determine within 20 days . . . after the receipt of [a FOIA] request whether to comply with such request and shall immediately notify the [requester] of . . . such determination and the reasons therefor."  5 U.S.C. § 552(a)(6)(A)(i)(I); *see also id.* § 552(a)(6)(C)(i) ("Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request.").[2]  BLM's delayed responses, Plaintiff alleges, have forced it to resort to litigation to obtain the information and records it has requested.  [Doc. 1 at ¶¶ 10, 14; Doc. 20 at 2–3, 8]; *see also Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, No. 15-cv-00127-WJM-CBS, 2016 WL 362459, at *11 (D. Colo. Jan. 29, 2016) (explaining that "if the agency does not adhere to FOIA's explicit timelines, the penalty is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court" (cleaned up)) (citing 5 U.S.C. § 552(a)(6)(C)(i)); 5 U.S.C. § 552(a)(4)(B) (granting federal district courts "jurisdiction . . . to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the [requester]").

---

[1] The Court draws the following factual background from Plaintiff's Complaint, [Doc. 1], and presumes the well-pleaded allegations are true for purposes of this Order.

[2] The Act permits an agency to toll the response period once while seeking further information from the requester as to the scope of the request.  5 U.S.C. § 552(a)(6)(A)(ii)(I).  And, in "unusual circumstances," the agency may extend the determination deadline by ten business days so long as it explains the circumstances to the requester.  *Id.* § 552(a)(6)(B)(i).  FOIA directs that if an agency needs additional time to address a request, the agency "shall notify" the requester and provide them with "an opportunity to limit the scope of the request . . . or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."  *Id.* § 552(a)(6)(B)(ii).

Plaintiff's first three claims challenge BLM's delayed responses to three specific FOIA requests. *See* [Doc. 1 at ¶¶ 101–33]. Additionally, according to Plaintiff, BLM's repeated non-compliance with FOIA's response timeline demonstrates that the Agency has a policy, pattern, and practice of violating the Act by failing to timely respond to FOIA requests with either a determination or the requested documents, thereby allowing the Agency to illegally withhold records and information responsive to FOIA requests that are not subject to any withholding provision until the requester files suit (the "pattern or practice claim"). [*Id.* at ¶¶ 135–38 (Fourth Cause of Action ("Count IV"))]. Among other forms of relief, Plaintiff asks this Court to (1) declare that the Agency's failure to comply with statutory deadlines "is part of a pattern and practice to delay responses" to lawfully submitted FOIA requests and "withhold responsive records and information," and (2) enjoin BLM from violating FOIA's deadlines in the future. [*Id.* at 27–28].

In support of its pattern or practice claim, Plaintiff cites seven FOIA requests submitted to BLM beginning in June 2021. The first four of Plaintiff's requests were resolved in a separate action:

- **DOI-BLM-2021-004758** – On June 2, 2021, [Plaintiff] submitted a FOIA request seeking records and information regarding BLM's fertility budget related to the management of the Wild Horse and Burro program;

- **DOI-BLM-2021-005693** – On August 24, 2021, [Plaintiff] submitted a FOIA request regarding livestock grazing permits and rangeland health of allotments;

- **DOI-BLM-2021-006084** – On September 17, 2021, [Plaintiff] submitted a FOIA request seeking records and information regarding contracts between BLM and Cattoor Livestock Roundup, Inc. and any reports and studies conducted by BLM related to Cattoor;

- **DOI-BLM-2021-006181** – On September 21, 2021, [Plaintiff] submitted a FOIA request seeking records and information relating to wild horses gathered and removed from the range in 2021.

3

[Doc. 20 at 3 (citation omitted) (citing [Doc. 1 at ¶¶ 91–98])]; *see also* Complaint at ¶¶ 2–5, *Friends of Animals v. U.S. Bureau of Land Mgmt.*, No. 21-cv-03037-NYW (D. Colo. Nov. 11, 2021), ECF No. 1.[3]  BLM did not respond to these four requests until after Plaintiff filed suit on November 11, 2021.  [Doc. 1 at ¶¶ 98–99].  The remaining three requests are the subject of this lawsuit:

- **DOI-BLM-2021-000162** (Off-Range Corrals and Pastures Request) – [Plaintiff] made an October 11, 2021 request [to BLM], with a final determination deadline of November 9, 2021, seeking records and information regarding contracts related to off-range corrals and off-range pastures[,] [including "a) all active contracts between BLM and contractors to hold wild horses in off-range corrals; b) all active contracts between BLM and contractors to hold wild horses in off-range pastures; and c) all financial agreements, statements, and documents related to off-range wild horse corrals and off-range wild horse pasture contracts from the four years prior to the date the request was submitted," [Doc. 1 at ¶ 56]].  No response was received prior to initiating litigation [on February 7, 2023;]

- **DOI-BLM-2022-001817** (Winnemucca Off-Range Corral Request) – [Plaintiff] made a January 28, 2022 request [to BLM's Nevada State Office], with a final determination deadline of February 25, 2022, seeking records related to the approval of a new off-range corral[,] [specifically, "1) All public comments and correspondence regarding the Winnemucca Off-Range Corral (ORC) Draft Environmental Assessment under NEPA; 2) All contracts and agreements between Defendant and JS Livestock regarding the Winnemucca ORC, including those contracts entered into by any BLM field office; 3) All correspondence to or from JS Livestock about the proposed Winnemucca ORC; and 4) All correspondence and proposals in response to Notice 140L0120R008 for Wild Horse and Burro ORCs in Idaho, Nevada and Utah," [Doc. 1 at ¶ 64]].  Partial responses were provided by the BLM Nevada State Office, which referred the matter to the national office for follow-up on March 29, 2022 [at Plaintiff's request].  No communication was received from the national office following referral[;]

---

[3] The Court may take judicial notice of its own files and records, facts which are a matter of public record, and filings in related cases.  *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[A court may] take judicial notice of its own files and records, as well as facts which are a matter of public record."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").  In ruling on a motion to dismiss, courts may consider filings subject to judicial notice without converting the motion into one for summary judgment.  *Tal*, 453 F.3d at 1264 n.24.  Such documents, however, may only be considered to show their contents, not to prove the truth of matters asserted therein.  *Id.*

4

- **DOI-BLM-2022-003447** (Deaths in Off-Range Corrals and Pastures Request) – [Plaintiff] made an April 29, 2022 request, with a final determination deadline of May 27, 2022, seeking records and information regarding deaths of wild horses and burros at off-range corrals and off-range pastures[,] [including "1) all death records of any wild horse and burro that died or was euthanized on off-range corrals or off-range pastures, including (a) circumstances, (b) freeze brand ID, if present, (c) a description of the age, sex, color of the animal, and (d) the reason the animal died or was euthanized, 2) all internal BLM records and communications regarding deaths of wild horses and burros on ORPs and ORCs, and 3) all records and communications between BLM and third parties regarding deaths of wild horses and burros at ORCs and ORPs," [Doc. 1 at ¶ 84]]. No response was received prior to initiating litigation [on February 7, 2023].

[Doc. 20 at 2 (citations omitted) (citing [Doc. 1 at ¶¶ 56–90])].

BLM has moved to dismiss only Plaintiff's pattern or practice claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To the extent that such claims are even viable within the Tenth Circuit, BLM argues they are cognizable only in "narrow circumstances" not alleged by Plaintiff here: when an agency "den[ies] requests on specious grounds" or "flout[s] FOIA by consistently failing to act on repeated, simple, and similar requests until after the requester files suit." [Doc. 10 at 2]. Plaintiff has responded to the Motion to Dismiss, [Doc. 20], and Defendant has filed a reply, [Doc. 22]. Accordingly, the matter is ripe for disposition.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (internal quotation marks omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible" (internal quotation marks omitted)). The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

At the outset, the Court observes that the Tenth Circuit has yet to decide whether FOIA provides a cause of action for an agency's pattern or practice of violating the Act. *Rocky Mountain Wild, Inc. v. U.S. Bureau of Land Mgmt.*, No. 19-cv-03171-KLM, 2020 WL 12675644, at *5 (D. Colo. Sept. 30, 2020); *cf. Liverman v. Off. of Inspector Gen.*, 139 F. App'x 942, 944–45 (10th Cir. 2005) (finding the record insufficient to support the plaintiff's pattern or practice claim without determining whether pattern or practice claims are cognizable under FOIA). At this point, only the D.C. and Ninth Circuits have recognized such pattern or practice claims. *See, e.g.*, *Payne Enters., Inc. v. United States*, 837 F.2d 486, 490–94 (D.C. Cir. 1988); *Long v. IRS*, 693 F.2d 907, 909 (9th Cir. 1982); *cf. Am. Soc. for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv.*, 60 F.4th 16, 21 (2d Cir. 2023) (assuming without deciding that "a 'policy or practice' claim is cognizable").

Without resolving the issue, courts in this district have rejected similar delay-based claims at the pleading stage, explaining that "[a]llegations of delay alone are not sufficient to establish a FOIA policy or practice claim." *Rocky Mountain Wild, Inc.*, 2020 WL 12675644, at *8 (citing *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016) ("[D]elay alone, even

6

repeated delay, is not the type of illegal policy or practice that is actionable under [FOIA].")); *cf. Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 780–81 (D.C. Cir. 2018) ("[A] plaintiff states a plausible policy or practice claim . . . by alleging prolonged, unexplained delays in producing non-exempt records that could signal the agency has a policy or practice of ignoring FOIA's requirements."); *Am. Ctr. for L. & Just. v. FBI*, 470 F. Supp. 3d 1, 8 (D.D.C. 2020) ("[N]otwithstanding some of its language, *Judicial Watch* did not rely on missed deadlines alone; rather it conducted a fact- and context-sensitive analysis that focuses on the similar and straightforward nature of the requests and the sheer number of times that they were ignored."). Instead, a plaintiff must either identify a particular policy underlying the delays, whether formal or informal, or allege that the agency repeatedly engaged in specific conduct in response to sufficiently uniform FOIA requests from which the court may plausibly infer that the "agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of . . . FOIA, and not merely isolated mistakes by agency officials." *Rocky Mountain Wild, Inc.*, 2020 WL 12675644, *8 (quoting *Payne Enters., Inc.*, 837 F.2d at 491); *see also O'Neill v. U.S. Dep't of Just.*, No. 05-C-0306, 2008 WL 819013, at *12 (E.D. Wis. Mar. 25, 2008) (collecting cases); *cf. Evans v. U.S. Dep't of Interior*, 135 F. Supp. 3d 799, 833 (N.D. Ind. 2015) (awarding summary judgment to the agency on the plaintiff's delay-based pattern or practice claim where the plaintiff had not shown that other requesters had "experienced unreasonable delays, pointed to a formal policy adopted by the [agency] that violates the terms of the statute, or shown any other evidence that the [agency]'s treatment of her request was sufficiently uniform to be considered an unlawful policy or practice"); *Karam v. U.S. Dep't of Health & Human Servs.*, No. CV-18-00454-TUC-JGZ (DTF), 2020 WL 995570, at *2 (D. Ariz. Mar. 2, 2020) (similar).

7

No such allegations are before the Court here. First, Plaintiff has not pointed to any specific policy underpinning BLM's alleged delays. And because Plaintiff's FOIA requests were not sufficiently uniform, straightforward, or simple, BLM's delayed responses thereto do not, by themselves, give rise to a plausible inference that the Agency has a policy, pattern, or practice of declining to respond to FOIA requests within the 20 days allowed by the Act, thereby forcing requesters to resort to litigation to obtain the requested information. Plaintiff's requests are each unique and relatively complicated, and, collectively, cover a wide range of subject matter and types of documents—including, but not limited to, fertility budgets, wild horse roundups, livestock grazing permits, off-range corral contracts, and horse and burro death records—which distinguishes them from instances where courts have inferred a pattern or practice of unreasonable delay from an agency's failure to respond to straightforward and substantially identical requests. *Compare O'Neill*, 2008 WL 819013, at *12 (rejecting a pattern or practice claim where there was "no evidence that the plaintiff submitted substantially identical requests to the [agency] for documents and received substantially identical responses which would support the existence of a crystallized policy or practice by way of repeated, specific conduct"); *and Am. Ctr. for L. & Just.*, 470 F. Supp. 3d at 8 (declining to infer that agency had a policy or practice of violating FOIA where the agency "ha[d] violated FOIA multiple times in different ways in response to three novel kinds of requests," observing that "little, if anything, beyond the delays themselves . . . could signal the agency has a policy or practice of ignoring FOIA's requirements" (internal quotation marks omitted)), *with Jud. Watch, Inc.*, 895 F.3d at 780 (finding that the plaintiff had sufficiently plead a pattern or practice claim where the plaintiff "ha[d] repeatedly been confronted with prolonged, unexplained delays by the same agency with regard to the same type of records and that six nearly identical lawsuits ha[d] not produced any change in the [agency's] response to [the

8

plaintiff's] proper requests until after it ha[d] filed a lawsuit"); *id.* at 785, 787 (Pillard, J., concurring) (noting that the plaintiff had submitted a series of "straightforward" requests for travel expense information, "generally in the form of receipts"); *Payne Enters, Inc.*, 837 F.2d at 487–90 (finding a viable pattern or practice claim where, for almost two years, the Air Force repeatedly and "perfunctorily" refused requests for one type of document by invoking two exemptions, forcing the requesters to bring several lawsuits, even though the Secretary of the Air Force had determined the exemptions were inapplicable); *Long*, 693 F.2d at 908–10 (concluding that injunctive relief was warranted where the agency repeatedly delayed release of concededly non-exempt data processing instructions, requiring the requesters to resort to litigation); *and Thompson v. U.S. Just. Dep't*, No. 1:23-cv-69-MOC-WCM, 2023 WL 5493591, at *4 (W.D.N.C. Aug. 24, 2023) (finding a plausible pattern or practice claim where the plaintiff had "been forced to file lawsuits to obtain requested non-exempt records—all relating to the same subject matter").

Indeed, Plaintiff's own allegations belie the presence of BLM's having adopted, implemented, or endorsed an agency-wide policy or practice of illegally delaying FOIA responses until after litigation has commenced. According to Plaintiff, on March 17, 2022, prior to the initiation of this action, BLM's Nevada State Office responded to Plaintiff's January 28, 2022, request with the Agency's "final determination" and produced 185 pages of documents. *See* [Doc. 1 at ¶¶ 64–68]; *cf. Rocky Mountain Wild, Inc.*, 2020 WL 12675644, at *9 (finding the plaintiff's allegations insufficient to support a pattern or practice claim where BLM had "issued interim determinations and partial productions on requests *prior* to the initiation of lawsuits"). Although BLM did not respond to Plaintiff's other requests until Plaintiff had filed suit, its failures to make determinations within FOIA's statutory schedule are "not properly comparable to agencies

9

that continually and intentionally invoke[] spurious reasons for nondisclosure." *Id.* at *9 (cleaned up).

Although the Court agrees that BLM "is indeed slow, Plaintiff has not plausibly alleged that the [Agency] subscribes to some *policy or practice* of slow-walking its requests for information" in violation of FOIA. *Am. Ctr. for L. & Just. v. U.S. Dep't of State*, 249 F. Supp. 3d 275, 278 (D.D.C. 2017) (emphasis added). Accordingly, the Court will grant Defendant's Motion, "narrowing this case into a basic FOIA challenge" related to Plaintiff's three specific FOIA requests. *Id.*

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss Plaintiff's Complaint in Part [Doc. 10] is **GRANTED**; and

(2) Plaintiff's Fourth Cause of Action is **DISMISSED without prejudice**.

DATED: November 8, 2023          BY THE COURT:

_____
Nina Y. Wang
United States District Judge